

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. E. Yancy
County Auditor
Tarrant County
Fort Worth, Texas

Dear Sir:

Opinion No. O-1487
Re: Construction of subsection (p)
of section 19 of Article 3912e,
Vernon's Civil Statutes.

Your request for our opinion on the questions as
are herein stated has been received by this department.

Your letter reads in part as follows:

"Our District Clerk is confronted with this
situation:

"Party designated as 'A', filed a suit in
the District Court of Dallas County, Texas.

"Party designated as 'B', by proper filed
instrument and order of the Judge the case was
moved from Dallas County, to Tarrant County,
(on Plea of Privilege).

"Would the Clerk of Tarrant County District
Court be required to file and docket such suit
without first requiring adequate security for
costs before filing and docketing the suit?

"The question has been raised as to whether
the suit should be treated as required by Sub-
section (p), Section 19, of Article 3912e, or
should the Clerk file and docket the said suit
transferred to Tarrant County without requiring
adequate security for costs at the time it is
filed with him."

Article 2067 and 2068, Vernon's Civil Statutes,
reads as follows:

"Art. 2067. The clerk may require from the plaintiff security for costs before issuing any process, but shall file the petition and enter the same on the docket."

"Art. 2068. The plaintiff may be ruled to give security for costs at any time before final judgment, upon motion of the defendant or any officer of the court interested in the costs accruing in such suit, and, if such rule be entered against the plaintiff and he fail to comply therewith on or before the first day of the next term of the court, the suit shall be dismissed."

Section 19 of Article 3912e, Vernon's Civil Statutes, reads in part as follows:

"Provisions of this section shall apply to and control in each county in the State of Texas having a population in excess of one hundred and ninety (190,000) thousand inhabitants, according to the last preceding Federal census.

" . . . . .

"(p) It shall be the official duty of each clerk of the district and county courts and of all justices of the peace to require at the commencement of any civil suit adequate security for costs; provided a pauper's oath may be filed and contested as provided by law. No district, county or precinct officer shall under the penalties now provided by law waive any fees or costs but it shall be the duty of all officers to assess and collect all fees and commissions which they are permitted or directed by law to assess and collect for services performed by them. Where any officer receives a salary payable from the salary fund created for such officer all fees, commissions, and other compensation received by him in his official capacity shall be by him deposited and paid monthly, or oftener, into the salary fund created for such officer, and such remittance shall be accompanied by his official report thereof, as provided for in this Section."

It is our opinion that subsection (p) of Article 3912e, supra, must be construed in harmony with Articles 2067 and 2068, Vernon's Civil Statutes, so that the clerk must file and docket the suit, but at the same time must rule the plaintiff for costs. The above quoted provisions of Article 3912e does not state that the clerk shall require security for costs before the commencement of the suit, but at the commencement of the suit. The suit is commenced by the filing and docketing of the petition.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:jm

APPROVED OCT 9, 1939

*Acting* ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE